UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,            CASE NO.: 8:15-CR-00100-MSS-MAP
    Plaintiff,

v.

FREDDY ALBERTO VELEZ ESTUPINAN,
    Defendant.
_____/

## SENTENCING MEMORANDUM

**COMES NOW**, FREDDY ALBERTO VELEZ ESTUPINAN, by and through the undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline range. Mr. Estuinan respectfully requests that this Honorable Court impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

## FACTORS SUPPORTING A VARIANCE

1. The defendant pled guilty to the charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States on August 11, 2015. He is set for sentencing on November 5, 2015 at 10:00 AM.

2. Mr. Estupinan is just 30 years old. He has two young children and possibly a third if his wife's pregnancy concluded successfully. Given the harsh socioeconomic conditions of his native country Ecuador, Mr. Estupinan improvidently chose to be a part of moving drugs over the high seas. Sadly, when presented with a lucrative, albeit illegal opportunity, Mr. Estupinan accepted with the aim of improving his family's plight.

3. The Supreme Court declared in *Pepper v. United States*, 131 S.Ct. 1229 (2011), among other things that the history and characteristics of the defendant *on the day of sentencing* (or re-sentencing in Pepper's case) are crucial. As Mr. Estupinan stands before this Court on this November 5, 2015, his history shows a sentence of the minimum mandatory 10 years imprisonment adequately reflects the seriousness of his crime in light of the totality of the circumstances surrounding his character and life.

So while he scores, 135 months to 168 months, the minimum mandatory is sufficiently retributive and rehabilitative.

4. Another factor that supports the ten year request is his conditions of confinement. The county jails contracted to hold federal inmates do not afford the same quality of incarceration conditions as standard BOP facilities. His incarceration started April 5, 2015 on the high seas near the Guatamala and El Salvador border.

5. Further argument will be presented *ore tenus* on mitigating issues at sentencing.

**WHEREFORE**, because a sentence less than the guidelines honors the factors of §3553(a) and is "sufficient, but not greater, than necessary", Mr. Estupinan respectfully requests this Honorable Court grant a variance that would acknowledge his background and circumstances as well as his imminent deportation.

                Respectfully Submitted,

                  s/Michael P. Maddux
                Michael P. Maddux, P.A.
                Florida Bar No.: 964212
                2102 West Cleveland Street
                Attorney for Defendant
                Tampa, Florida 33606
                Phone: (813) 253-3363
                Fax: (813) 253-2553
                E-mail: mmaddux@madduxattorneys.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 4, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                  s/Michael P. Maddux
                Michael P. Maddux, Esquire